UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARC COOLEY, | No. 2:16-cv-0113 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| WELLS FARGO BANK N.A., | ORDER TO SHOW CAUSE |
| Defendant. | |

Plaintiff, as the purported administrator of the estate of Frederick Grant Cooley, is proceeding in this action pro se and in forma pauperis.[1] The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

---

[1] The District Court granted plaintiff's application to proceed in forma pauperis by minute order entered January 20, 2016.  ECF No. 4.

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The complaint does not allege a basis for subject matter jurisdiction. The federal courts are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue. Because there is no basis for federal subject matter jurisdiction evident in the complaint, plaintiff will be ordered to show cause why this action should not be dismissed. Failure to allege a proper basis for subject matter jurisdiction will result in a recommendation that the action be dismissed.

Plaintiff alleges this action is brought on behalf of the estate of Frederick Grant Cooley. Plaintiff asserts that he was granted probate letters of administration on July 17, 2015 by the Solano County Superior Court. Plaintiff will be directed to submit the letters of administration to this court for review of the propriety of plaintiff's claim of the right to bring this action.

Plaintiff is prosecuting this case in propria persona on behalf of an estate. Plaintiff, however, also alleges within the complaint that the heirs of the Estate of Essex Cook have a claim against the Estate of Frederick Grant Cooley. As such, plaintiff may not proceed in this action pro se and must obtain counsel in order to prosecute this action. See Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997); see also Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52

/////

(8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate).

Plaintiff alleges fraud on the part of defendants arising out of a reverse mortgage entered into by Frederick Grant Cooley in 2005.  Any claim on behalf of the estate would be long time barred under the applicable statute of limitations.  Although plaintiff asserts that he did not personally learn of the fraud until July 17, 2015, plaintiff does not explain why his lack of knowledge can be attributed to Frederick Grant Cooley, for whose estate the present action is brought.

Accordingly, IT IS HEREBY ORDERED that no later than February 11, 2016, plaintiff shall:

1. Show cause why this action should not be dismissed for lack of subject matter jurisdiction;

2. Submit the probate letters of administration issued by the Solano County Superior Court;

3. Obtain counsel; and

4. Show cause why this action is not barred by the statute of limitations.

Failure to comply with this order shall result in a recommendation that the action be dismissed.

Dated:  January 25, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 cooley0113.osc.nosmj.adm

3